IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SENECA INSURANCE COMPANY,

      Plaintiff,

v.                                         CIVIL ACTION NO. 2:13cv651

SHIPPING BOXES I, LLC,
and
SHIPPING BOXES II, LLC,

      Defendants.

FILED
JUN - 6 2014
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

*MEMORANDUM OPINION & ORDER*

Before the Court is Defendants Shipping Boxes I and Shipping Boxes II's Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 28. Also before the Court are Plaintiff Seneca Insurance Company's Motion for Judgment on the Pleadings as to the Amended Counterclaim, ECF No. 41, alternative Motion to Dismiss the Amended Counterclaim, ECF No. 36, and Motion to Bifurcate, ECF No. 38. Plaintiff, Defendants' insurer, seeks a declaratory judgment that it is not obligated to pay certain claims for insurance coverage lodged by Defendants. Defendant Shipping Boxes I has also filed a counterclaim for breach of contract against Plaintiff, alleging that Plaintiff has failed to pay a claim for coverage in violation of the parties' insurance contract. For the reasons stated below, Defendants' Motion to Dismiss is **DENIED**. Plaintiff's Motion for Judgment on the Pleadings is **DENIED**, its Motion to Dismiss is **DENIED**, and its Motion to Bifurcate is **GRANTED**.

I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Seneca Insurance Company filed this action pursuant to this Court's diversity

1

jurisdiction, alleging that the amount in dispute exceeds $75,000, Plaintiff is a New York citizen, and Defendants are citizens of Virginia. Am. Compl. ¶¶ 3-6. It makes the following allegations in its Amended Complaint for Declaratory Relief. ECF No. 17. Seneca, an insurance company, issued a commercial insurance contract to Defendants Shipping Boxes I and Shipping Boxes II. Am Compl. ¶ 6. They share the same offices and members, and will be referred to collectively as "Shipping Boxes." The insurance contract initially covered the time period of May 17, 2011 to May 17, 2012, and it was later renewed for the following year, from May 17, 2012 to May 17, 2013. *Id.* ¶ 8. The contract provided commercial property insurance for commercial premises in Virginia Beach, Virginia. Shipping Boxes has title to the building and leases part of it to one tenant. *Id.* ¶¶ 9, 12-13. Less than 10% of the available space is occupied by that tenant; the remainder is vacant. *Id.* ¶¶ 15-16.

In May 2013, Shipping Boxes notified Seneca of damage at the premises resulting from vandalism. Am. Compl. ¶ 17. It submitted two claims to Seneca, one for a loss occurring in August 2012 and another for a loss occurring in December 2012. *Id.* ¶¶ 18-19. After investigating the claims, Seneca concluded that the losses had occurred over an extended period of time as a result of multiple incidents of vandalism, beginning as early as April 2012. *Id.* ¶¶ 36, 38. As a result, Seneca asserts that it is not obligated to pay insurance benefits to Shipping Boxes as reimbursement for its claims. It seeks a declaration that 1) Shipping Boxes did not satisfy a condition precedent to coverage that it promptly notify Seneca of loss or damage, 2) Shipping Boxes did not satisfy a condition precedent to coverage that it maintain certain security measures at the premises, 3) at least some of the claims are excluded because the damage was caused by delay, and/or 4) at least some of the claims are excluded because they resulted from Shipping

Boxes' neglect to use all reasonable means to protect the premises.

Defendant Shipping Boxes I has also filed a counterclaim which includes two breach of contract claims. In its Amended Counterclaim, ECF No. 27, it alleges, *inter alia*, that its delay in informing Seneca of the damage was reasonable because it promptly reported the vandalism to the police and the police directed it to stay quiet about the vandalism so that the perpetrators could be apprehended. Am. Countercl. ¶¶ 50-53. In its breach of contract claim, Shipping Boxes I alleges that Seneca breached the insurance contract by failing to pay its claims and also breached the implied covenant of good faith and fair dealing. *Id.* ¶¶ 79-80. In its anticipatory breach of contract claim, raised in the alternative to the first claim, Shipping Boxes I contends that Seneca has effectively cancelled the insurance contract by making clear that it does not intend to pay. *Id.* ¶¶ 84, 86.

On February 24, 2014, Shipping Boxes filed a Motion to Dismiss the Amended Complaint. ECF No. 28. Seneca filed an Opposition on March 6, 2014, ECF No. 33, and Shipping Boxes filed its Reply on March 10, 2014, ECF No. 35. On March 11, 2014, Seneca filed a Motion for Judgment on the Pleadings regarding Shipping Boxes I's Amended Counterclaim. ECF No. 42. It also filed an alternative Motion to Dismiss, ECF No. 36, and a Motion to Bifurcate in the further alternative, ECF No. 38. Shipping Boxes filed a joint Memorandum in Opposition on March 24, 2014, ECF No. 44, and Seneca filed a Reply on March 28, 2014, ECF No. 45. All four motions are accordingly fully briefed and ripe for disposition.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of actions that fail to state a claim upon which relief can be granted. *See* Fed. R. Civ P. 12(b)(6). The United

3

States Supreme Court has stated that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)). Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, at the motion to dismiss stage, the Court is bound to accept all of the factual allegations in the Complaint as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In considering a Rule 12(b)(6) Motion to Dismiss, the Court cannot consider "matters outside the pleadings" without converting the motion to a summary judgment proceeding. Fed. R. Civ. P. 12(d). Nonetheless, the Court may still "consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). *See also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

A Rule 12(b) motion to dismiss must be made before any required responsive pleading is

filed; if not, such motion should be treated as a motion for judgment on the pleadings. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The Court applies the same standard of review to a Rule 12(c) motion as it would to a Rule 12(b) motion. *Id.* at 243-44. However, in addressing a Rule 12(c) motion, the Court may consider the Answer and attached exhibits in addition to the Complaint. The Answer's factual allegations are taken as true to the extent they do not contradict the factual allegations in the Complaint. *Mendenhall v. Hanesbrands, Inc.*, 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012).

The parties agree that Virginia substantive law applies to the claims the parties have raised. *See, e.g.*, Defts' Mem. in Supp. of Mot. to Dismiss (hereinafter "Shipping Boxes Mot. to Dismiss"), ECF No. 29, at 5-6; Seneca's Joint Br. Supp. Mot. for Judgment on the Pleadings, Mot. to Dismiss, and Mot. to Bifurcate (hereinafter "Seneca Joint Mot."), ECF No. 37, at 9-10 (citing Virginia case law). Nonetheless, the Court will apply federal rules that are procedural, such as the standards for a Rule 12(b)(6) motion discussed above. *Rowland v. Patterson*, 852 F.2d 108, 110 (4th Cir. 1988).

### III. DISCUSSION

#### A. Shipping Boxes I's Counterclaims

##### 1. Seneca's Motions to Dismiss and for Judgment on the Pleadings

In its Motion to Dismiss, Shipping Boxes contends that Seneca's Amended Complaint should be dismissed in large part because of the existence of Shipping Boxes I's counterclaims for breach of contract. Therefore, the Court will first address Seneca's Motions regarding those

5

counterclaims.

Under Virginia law, a viable breach of contract claim has three elements: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E. 2d 610, 614 (Va. 2004). Seneca contends that Shipping Boxes I has failed to show any breach of the insurance contract because it has not alleged that the insurer, Seneca, has declined or refused to pay insurance benefits. Seneca emphasizes that it has repeatedly stated that while it has substantial doubts about whether the claims are covered by the insurance coverage, it has never formally denied the claims but instead chose to file a suit for declaratory judgment to clarify the obligations of the parties.

The Court concludes that the fact that Seneca has yet to formally deny the claims for coverage, but only has failed to pay them, does not necessarily preclude an action for breach of contract. Although the relevant insurance contract does not explicitly set forth a specific timeframe in which Seneca must pay covered claims, it is clear that Seneca is required to pay those claims that are covered by the policy at some point after being notified of the loss or damage. ECF No. 1, Ex. A, at 24. It is also undisputed that Shipping Boxes notified Seneca of its claims for coverage in May 2013, Am. Comp. ¶ 17, and further sent at least two letters to Seneca demanding payment in October 2013, ECF No. 44 at 8 (citing letters). To date, Shipping Boxes' claims remain unpaid. "It is beyond dispute that a "justified expectation" of the party who contracts for insurance with an insurance company is that the payment of premiums to the company secures from the company a promise to provide insurance." *SunTrust Mortgage, Inc. v. United Guar. Residential Ins. Co. of N.C.*, 806 F. Supp. 2d 872, 895-96 (E.D. Va. 2011) <u>vacated on</u>

other grounds, 508 F. App'x 243 (4th Cir. 2013). Furthermore, some courts have held that "coverage-related claims by an insured against a carrier are compulsory counterclaims to a declaratory judgment action based on the insurance policy." *Calhoun v. Pa. Nat'l Mut. Cas. Ins. Co., Inc.*, 676 So. 2d 1332, 1333 (Ala. Civ. App. 1996).[1] Moreover, Seneca does not address why the absence of an explicit denial would bar Shipping Boxes I's claim for breach of contract based on breach of the implied covenant of good faith and fair dealing, which Virginia law recognizes in the insurance contract context. *SunTrust Mortgage, Inc.*, 806 F. Supp. 2d at 895. *See also Pa. Life Ins. Co. v. Bumbrey*, 665 F. Supp. 1190, 1195 (E.D. Va. 1987) ("In the insurance context a bad faith refusal to pay benefits, though it does not constitute a tort, may constitute a breach of contract.").

As this is Seneca's only argument supporting its Motions regarding the breach of contract claim, the Court at this juncture takes no position on the ultimate validity of that claim. Even if it is ultimately determined in this action that Seneca is indeed obligated to pay Shipping Boxes' claims for coverage, *i.e.*, that the conditions precedent for coverage are satisfied, Seneca's delay in payment may very well be eminently reasonable and justified by the insurance contract's numerous mentions of the process of investigation that Seneca will undertake after receiving a claim for coverage. But as the insurance contract is ambiguous as to when this duty arises,[2] the Court cannot at this juncture conclude that Shipping Boxes I is not entitled to relief.

---

[1] However, Shipping Boxes I's hypothetical regarding an insurer waiting until the statute of limitations runs to deny a claim is unavailing. For one, "if an insurance company strings an insured along without denying or paying a claim, limitations will be tolled." *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex. 1990). For another, even if the insured could not file a breach of contract claim, it would be free to file its own declaratory judgment action to determine coverage. Similarly unpersuasive is Shipping Boxes I's reliance on Va. Code § 38.2-209, which provides for an award of costs and attorney's fees where the insured sues the insurer and the insurer "has either denied coverage or failed or refused to make payment to the insured under the policy." It is clear that this provision does not itself create a cause of action. *Mass. Bay Ins. Co. v. Decker*, 7:11-CV-00342, 2012 WL 43614 (W.D. Va. Jan. 9, 2012).

[2] Shipping Boxes I relies on the sworn Proof of Loss it sent Seneca *after* this litigation commenced. The insurance

7

Moreover, Seneca's statements and actions in the context of the declaratory judgment action itself will be of little relevance to Shipping Boxes I's claims. The purpose of a declaratory judgment remedy is to "guide parties in their future conduct in relation to each other, thereby relieving them from the risk of taking undirected action incident to their rights." *Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cnty. Bd. of Sup'rs*, 737 S.E. 2d 1, 7 (Va. 2013) (quotation omitted). Were the filing of such an action, or the statements made therein, to itself be a breach of the insurance contract, that purpose would be contravened. Moreover, "numerous courts have concluded that neither the filing of a declaratory judgment action nor the allegations made in support of such an action can form the basis of a claim for anticipatory repudiation." *Landwehr v. F.D.I.C.*, 734 F. Supp. 2d 161, 169 (D.D.C. 2010).

The Court is mindful that Shipping Boxes I has not cited, and the Court has not been able to find, a breach of contract claim arising under Virginia law without a formal denial of coverage. (Nor has it located a case stating that such a claim is inappropriate.) But the Court simply concludes that a six month delay between Shipping Boxes' filing a claim for coverage and Seneca's choosing to file a declaratory judgment may be an effective or constructive denial of coverage. *See McDonnell v. State Farm Mut. Auto. Ins. Co.*, 299 P.3d 715, 727-28 (Alaska 2013) ("[I]t is not necessary for an insurer to disclaim all coverage or liability in order to trigger the statute of limitations—a clear refusal to pay under the contract may be sufficient to constitute an alleged breach of contract."). *See also Tandberg, Inc. v. Advanced Media Design, Inc.*, No. 1:09cv863, 2009 WL 4067717, at *4 (E.D.Va. Nov. 23, 2009) (stating that "under Virginia law, it is well-settled that failure to make timely payment constitutes a material breach"). And even

---

policy specifies that Seneca "will pay for covered loss or damage within 30 days after we receive the sworn proof of loss." ECF No. 1, Ex. A, at 33. But as Seneca emphasizes, the contract only appears to require a proof of loss when Seneca requests it. *Id.*

8

absent such a denial, Shipping Boxes I may still raise a claim for breach of the implied covenant of good faith and fair dealing.

The Amended Counterclaim also includes an alternative anticipatory breach of contract count. However, Seneca made no mention of that count in its Brief supporting its Motion to Dismiss and Motion for Judgment on the Pleadings. It does finally discuss this claim in its Reply, but waiting until then denied Shipping Boxes I a full opportunity to respond to its arguments and notice that it should address the issue. *See Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). Accordingly, the Court declines to consider Seneca's arguments pertaining to that count. Seneca's Motion to Dismiss, ECF No. 36, and Motion for Judgment on the Pleadings, ECF No. 41, are therefore **DENIED**.

### 2. Seneca's Motion to Bifurcate

Seneca's third motion is to bifurcate Shipping Boxes I's request for attorneys' fees from its breach of contract claim. ECF No. 38. In its Amended Counterclaim, Shipping Boxes I demands attorneys' fees pursuant to Va. Code § 38.2-209, which provides:

> Notwithstanding any provision of law to the contrary, in any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy or fidelity bond or the extent to which his insurer is liable for compensating a covered loss, the individual insured shall be entitled to recover from the insurer costs and such reasonable attorney fees as the court may award. However, these costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy.

The statute is "designed to punish an insurer guilty of bad faith in denying coverage or withholding payment and to reimburse an insured who has been compelled by the insurer's bad-faith conduct to incur the expense of litigation." *Cuna Mut. Ins. Soc. v. Norman*, 375 S.E.2d 724, 726 (Va. 1989).

9

Other district courts have granted similar requests, noting that delaying discovery on the issue of the insurer's bad faith is "expedient" where it may not even ultimately be necessary. *E.g., Mass. Bay Ins. Co.*, 2012 WL 43614 at *2. *See also Tiger Fibers, LLC v. Aspen Specialty Ins. Co.*, 594 F. Supp. 2d 630, 655 (E.D. Va. 2009) ("A claim under § 38.2-209 may not therefore be brought as a separate cause of action . . . but only as a source of recovery of costs and attorney's fees *once a judgment is entered against the insurer*." (emphasis added)). And Shipping Boxes I does not oppose bifurcation. Opp., ECF No. 44, at 28. Therefore, Seneca's Motion to Bifurcate is **GRANTED**. Nonetheless, the Court notes that it will *not* hold a separate trial as to the matter of attorneys' fees, although both parties appear to assume that it will. *Id.*; Mot. to Bifurcate 2. The Virginia statute provides that "the court" shall award any fees and shall make the relevant determination. This matter of attorneys' fees will simply be one for the Court to determine following the resolution of the substantive claims in this matter, and after any appropriate discovery. *Saint John's African Methodist Episcopal Church v. Guideone Specialty Mut. Ins. Co.*, 902 F. Supp. 2d 783 (E.D. Va. 2012).

**B. Seneca's Complaint**

Finally, the Court turns to Shipping Boxes' Motion to Dismiss Seneca's Amended Complaint for Declaratory Judgment. ECF No. 28. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction," the Court "may declare the rights and other legal relations of any interested party seeking such declaration." Shipping Boxes does not dispute that there is an actual controversy within this Court's jurisdiction, but contends that the Court should exercise its discretion under the Act to refuse to hear the claim, *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998), because the relevant legal

questions will be fully resolved in Shipping Boxes I's now-pending counterclaim for breach of contract. It notes that "courts have repeatedly recognized that a declaratory judgment serves no useful purpose when it seeks only to adjudicate an already-existing breach of contract claim." *Metra Indus., Inc. v. Rivanna Water & Sewer Auth.*, 3:12cv49, 2014 WL 652253 (W.D. Va. Feb. 19, 2014) (quotations omitted).

But all of the cases Shipping Boxes cites in support of this proposition involve breach of contract and declaratory judgment claims brought *by the same party*. In this case, the two claims are brought by opposing parties. Were the Court to grant Shipping Boxes' Motion to Dismiss, Shipping Boxes could later voluntarily dismiss its counterclaims and Seneca would be without a remedy. Moreover, Shipping Boxes' claims will not necessarily resolve all of the issues raised in Seneca's declaratory judgment action. As discussed above, it could be that no duty to pay arose under the insurance contract before Seneca filed its declaratory judgment action, even if the conditions precedent for coverage were satisfied. As Seneca notes, declaratory judgment actions by the insured to determine coverage is common, ECF No. 33 at 15, and the instant action does not involve inappropriate "procedural fencing" but rather asks the Court for "a construction of definite stated rights, status, and other relations" as delineated in the insurance contract. *Green v. Goldman-Gable-Gould Co., Inc.*, 597 S.E. 2d 77, 80 (Va. 2004). Accordingly, Shipping Boxes' Motion to Dismiss is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motions to Dismiss and for Judgment on the Pleadings are **DENIED**. ECF No. 36, 41. Plaintiff's Motion to Bifurcate is **GRANTED**. ECF No. 38. Defendants' Motion to Dismiss is **DENIED**. ECF No. 28.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 5, 2014

/s/
Raymond A. Jackson
**United States District Judge**

12